**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Sproull, | No. CV-25-02835-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Leon Sproull's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 17–34). The Court **affirms** the ALJ's decision for the following reasons.

**I.    BACKGROUND**

On November 28, 2022, Plaintiff applied for DIB under Title II alleging a disability onset date of January 1, 2015. (AR. 17.) Plaintiff's claims were denied initially and on reconsideration. (AR 17.) After an administrative hearing, an ALJ issued an unfavorable decision finding Plaintiff not disabled. (AR. 34.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.    LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion."  *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III.   DISCUSSION

Plaintiff argues that the ALJ failed to: (1) adequately consider medical opinion evidence; (2) properly consider Plaintiff's symptom testimony

### A. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence

The Court now addresses Plaintiff's argument that the ALJ failed to properly address medical opinion evidence offered by Christine Joy, PA and Douglas Denney, PA-C

An ALJ "must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)). In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

---

[1] Plaintiff filed their benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

- 3 -

1. *Christine Joy*

The ALJ found "[t]he opinion of independent medical consultative examiner Christine Joy, P.A. . . . partly persuasive." (AR 32.) As relevant here, the ALJ found that the limitation identified by Joy "in total standing and walking along with other manipulating are not persuasive, considering noted antalgic gait but no report or observation of a cane."[2] (AR 32.) Joy found that Plaintiff could stand "[a]t least 2 hrs but less than 6 hrs in a 8-hour day." (AR 779.) The ALJ noted that Plaintiff "had no sensory or strength abnormalities" and that Joy's opinion was "not consistent with other examinations which have not noted more significant disturbances in gait or strength." (AR 32.) The Court finds that the ALJ's conclusion was supported by substantial evidence. (AR 782–84, 787–90.) Nonetheless, the ALJ found that Plaintiff had a residual functional capacity to "stand and walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day." (AR 24.) This finding is seemingly consistent with Joy's findings and thus any error on this point was harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017).

2. *Douglas Denny*

The ALJ found "[t]he opinion of independent medical consultative examiner Douglas Denny, P.A.-C. . . . partly persuasive." (AR 32.) As relevant here, Denny found that Plaintiff was limited standing and walking for "2–4 hours in an 8-hour day." (AR 846.) The ALJ found that:

> the significant limitations in total standing and walking as well as in performing multiple postural activities are not persuasive, considering noted report of use of cane but lack of such. He had no sensory or strength abnormalities. It is not consistent with other examinations which have not noted more significant disturbances in gait or strength.

(AR 32.) The Court finds that the ALJ's conclusion was supported by substantial evidence. (AR 782–84, 787–90); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation modified) ("If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

---

[2] Sproull notes: "The ALJ also discounted some manipulative and/or postural limitations assessed by PA Joy and/or PA Denney, but those are not relevant to the arguments on appeal related to Sproull's exertional capacities." (Doc. 8 at 14 n.7)

- 4 -

**B. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony**

The Court next addresses Plaintiff's argument that the ALJ erred by improperly considering Plaintiff's symptom testimony.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff alleged as follows:

The claimant alleges history of back problems from neck to low back (Exhibits 7E; 13E). He has ongoing pain. He also has problems using his hands. This results in difficulty doing most exertional activities. He can be on his feet for about 20-40 minutes. Standing and bending can be difficult. He has required use of a cane, brace, and splint. Only the brace and splint were reported to be prescribed. When sitting, he has to prop himself up with pillows for comfort. He has lived with family. He has problems putting on socks. His son has had to assist him with household tasks, including pet care.

At the hearing, the claimant reported history of injury prior to his original alleged onset date. Symptoms progressed over time, which affected his ability to work. He has ongoing pain through his spine. The claimant has undergone pain management, including radiofrequency ablation. This was reported to be about 50% effective against nerve pain only. He continues to have problems with walking. He uses a cane when leaving his home or on bad days. The claimant has to lie down to relieve back pain. He also has swelling in the feet and ankles. He indicated need for compression socks and leg elevation. He elevates his legs about 30 minutes to an hour at a time. The claimant needs additional time for personal care and occasionally he has to

ask his son for help. (AR 25.)  The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (AR 25–26.)  The ALJ's determination is supported by substantial evidence.

The ALJ noted that Plaintiff's "statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because signs are not fully consistent with his symptoms on various examinations, particularly with respect to back pain" and that "[i]maging has been limited for more significant findings with respect to cardiovascular impairments." (AR 26.)  The ALJ notes that in Plaintiff's emergency room visits where he was reported to have a "history of degenerative disc disease and arthritis" but that "there was no indication of imaging or other notes for the basis of the diagnosis" and that Plaintiff "generally denied notable symptoms associated with his spine disorders." (AR 32, 544–46, 549–54.)

The ALJ goes on to note when Plaintiff sought care in October 2020, examinations showed that Plaintiff "showed a non-antalgic gait, normal range of motion of the cervical spine, no cervical tenderness, full strength, and normal sensation to extremities." (488–90.) A following MRI revealed minimal to mild superimposed spinal canal stenosis, mild to moderate left lateral recess narrowing, and mild left neural foraminal narrowing across Plaintiff's C3-4, C5-6, and C4-5.  (AR 26, 492–93.)  The "MRI noted no obvious stenosis." (AR 480–83.)

Plaintiff also later "indicated 100% relief from lumbar medial branch blocks" and that examination revealed that "gait and station were normal and he had normal strength and sensation to the bilateral lower extremities" and that Plaintiff had "limited symptoms involving his neck." (AR 26, 474–77.)  Further examinations revealed similar conclusions. (621–35.)

The ALJ also cited to an "independent medical consultative examination" in which

the following was found:

> He was able to stand, walk to the examination table, and get on and off the examination table. He could stoop without difficulty. He could stand on one foot on each leg. He had normal balance with normal ability to walk on heels, walk on toes, and tandem walk. He denied pain with palpation or movements of joints. Strength was full in extremities, including grip. Muscle bulk was normal without atrophy. He could do fine motor skill tasks. Reflexes were normal. Range of motion was otherwise within normal limits in the other joints and the cervical spine. straight leg raise was negative

(AR 28, 775–81.) At bottom, the ALJ noted that "[t]he claimant's record shows effective treatment for back pain through injections and medication, upwards of 80% to 100%," that he "was frequently assessed with full range of motion of his extremities and normal gait through Reddy GI and Tri-Colorectal, as well as various cardiology and ER visits, that dispel his allegations of limited walking and standing." (AR 31, 420–38, 504–08, 509–54, 595–05, 606–20). The ALJ relied on recognized bases for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.")

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the ALJ's decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 21st day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 7 -